1  Theodore W. Chandler (Bar No. 219456)
      <ted.chandler@bakerbotts.com>
2  Baker BOTTS L.L.P.
   1801 Century Park East, Suite 2400
3  Los Angeles, California  90067
   Telephone:   (213) 202-5702
4  Facsimile:   (213) 202-5732

5  [ADDITIONAL COUNSEL LISTED
   ON SIGNATURE PAGE]
6
7  *Attorneys for Plaintiff KISS Nail Products, Inc.*

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11
12  KISS Nail Products, Inc.,                    )   No. 2:25-cv-02793
                                                 )
13          *Plaintiff*,                         )   **COMPLAINT FOR PATENT
                                                 )   INFRINGEMENT**
14      vs.                                      )
                                                 )
15  Ardell International, Inc.,                   )   **DEMAND FOR JURY TRIAL**
                                                 )
16          *Defendant*.                         )
                                                 )
17

18

19

20

21

22

23

24

25

26

27

28

## COMPLAINT

1.   This is an action for patent infringement arising under Title 35 of the United States Code of the laws of the United States of America.

### PARTIES

2.   Plaintiff, KISS Nail Products, Inc. ("KISS"), is a company organized and existing under the laws of the State of New York in the United States of America and having an address of 25 Harbor Park Drive, Port Washington, New York 11050.

3.   On information and belief, Defendant Ardell International, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of California.

4.   On information and belief, Defendant has a place of business at 5862 West 3rd Street, Los Angeles, California 90036.

5.   On information and belief, Defendant imports and distributes "Ardell Professional Press On Pre-Glued Underlash Extensions" in the United States.

6.   On information and belief, Defendant imports and distributes "Winks by Ardell Press On Lash" products in the United States.

7.   On information and belief, the packaging for the "Ardell Professional Press On Pre-Glued Underlash Extensions" and "Winks by Ardell Press On Lash" products (collectively, the "Accused Products") states that they were "Made in China," as depicted below.[1]

---

[1] American International Industries of Los Angeles, California is identified on the packaging for the Accused Products. On information and belief, American International Industries had its status as a business in the State of California suspended by the Franchise Tax Board ("FTB") over twenty years ago. *See* https://bizfileonline.sos.ca.gov/search/business at Search Results for "American International Industries, Inc."

1

2

3

4

5



6

**Ardell Professional Press On Pre-Glued Underlash Extensions**

7

8

9

10



11

12

**Winks by Ardell Press On Lash**

13      8.      The packaging for the Accused Products includes the "Ardell" trademark.

14

15

16

17

**Ardell Professional Press On Pre-Glued Underlash Extensions**

18

19

20

21

22



23

24

**Winks by Ardell Press On Lash**

25      9.      On information and belief, Defendant is the current owner of the "Ardell"

26  trademark.

27

28

| ▾ Current Owner(s) Information | |
| --- | --- |
| Owner Name: | ARDELL INTERNATIONAL, INC. |
| Owner Address: | 5862 West 3rd Street, Los Angeles, CALIFORNIA UNITED STATES 90036 |
| Legal Entity Type: | CORPORATION |

*https://tsdr.uspto.gov/#caseNumber=77328625&caseSearchType=US_APPLICATIO
N&caseType=DEFAULT&searchType=statusSearch.*

### JURISDICTION AND VENUE

10.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  KISS asserts a claim for patent infringement against Defendant arising under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

11.     On information and belief, this Court has general personal jurisdiction over Defendant because Defendant has engaged in business activities in and directed to this district; has imported, offered for sale, sold, and/or advertised eyelash products asserted by KISS to be covered by U.S. Patent No. 12,171,288 ("the '288 Patent," attached as Exhibit A to this Complaint); has committed the acts complained of herein in this district that led to foreseeable harm and injury to KISS; and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of California.

12.     The Statement of Information on record with the State of California, filed June 28, 2024, identifies 5862 West 3rd Street, Los Angeles, California 90036 as Ardell International, Inc.'s "Principal Address." *See
https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/100004165125131134001
04703608113716211404205464.*

13.     On information and belief, Defendant's principal place of business is located at 5862 West 3rd Street, Los Angeles, California 90036.

14.    On information and belief, Defendant also operates out of a 225,401 square foot warehouse located at 2220 Gaspar Ave, Commerce, California 90040.  *See https://labormarketinfo.edd.ca.gov/aspdotnet/databrowsing/empDetails.aspx?menuChoice=emp&empid=987287752&geogArea=0604000037; https://www.propertyshark.com/mason/Property/127914233/2220-Gaspar-Ave-Los-Angeles-CA-90040/.*

15.    Below is an image of the warehouse located at 2220 Gaspar Ave, Commerce, California 90040.



This image was obtained from Google Maps at the following link *https://www.google.com/maps/place/Ardell+International+Inc/@34.0019445,-118.1515328,202a,35y,47.81h,57.82t/data=!3m1!1e3!4m6!3m5!1s0x80c2ce51ee9b38a9:0x69df2be0b80eeb16!8m2!3d34.0036467!4d-118.1484456!16s%2Fg%2F11c52kj8s0?entry=ttu&g_ep=EgoyMDI1MDMwOC4wIKXMDSoASAFQAw%3D%3D.*

16.    On information and belief, Defendant conducts substantial business operations from 5862 West 3rd Street, Los Angeles, California 90036.

17.    On information and belief, Defendant conducts substantial business operations from 2220 Gaspar Ave, Commerce, California 90040.

18.    On information and belief, Defendant distributes, sells, and offers for sale the Accused Products throughout California.

1    19.    On information and belief, Defendant distributes, sells, and offers for sale
2  the Accused Products in this judicial district.

3    20.    On information and belief, the Accused Products are available for
4  purchase in brick-and-mortar Walgreens, CVS, Target, and Ulta Beauty stores
5  throughout California.

6    21.    On information and belief, the Accused Products are available for
7  purchase in brick-and-mortar Walgreens, CVS, Target, and Ulta Beauty in this judicial
8  district.

9    22.    The following images show that Accused Products are available for
10  purchase in brick-and-mortar Walgreens, CVS, Target, and Ulta Beauty stores in this
11  judicial district.



-5-

1    *https://www.walgreens.com/store/c/ardell-press-on-lashes/ID=300453189-product* at

2    "Check other stores" link.



27    *https://www.cvs.com/shop/ardell-naked-lash-press-on-pre-glued-underlash-*

28    *extensions-natural-30-ct-prodid-*

COMPLAINT — No. 2:25-cv-02793

*875335?skuId=875335&cgaa=QWxsb3dHb29nbGVVb0FjY2Vzc0NWU1BhZ2Vz* at
"Check more stores" link.



*https://www.target.com/p/ardell-press-on-false-eyelashes-kit-natural-30ct/-/A-89371887#lnk=sametab* at "Check other stores" link.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



-8-

1  *https://www.ulta.com/p/press-on-pre-glued-underlash-extensions-naked-natural-*
2  *pimprod2050208?sku=2634655&cmpid=PS_Non!google!Product_Listing_Ads&utm*
3  *_source=google&utm_medium=paidsearch&CAWELAID=330000200003303734* at
4  "Check in-store availability" link.

5      23.    Through such sales, Defendant has purposely availed itself of the
6  privilege of conducting business in this judicial district.

7      24.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b),
8  because Defendant resides in this judicial district and has committed acts of
9  infringement and has a regular and established place of business in this judicial district
10  as evidenced by its physical presence from which Defendant manages and directs its
11  business activities, including activities related to the Accused Products.

12                                   **FACTS**

13      25.    KISS is a leading supplier in the beauty care business, including creating
14  and supplying innovative products for hair care to customers throughout the world,
15  including this judicial district.

16      26.    Among its line of innovative products, KISS sells its imPRESS Falsies
17  eyelash product (the "imPRESS Falsies"). The imPRESS Falsies feature innovative
18  technology that enables the first-ever press-on lash application, allowing users to
19  apply false eyelashes in one step without the pain and skin irritation associated with
20  conventional eyelash extensions. This is achieved through a design where adhesive is
21  disposed on a portion of the individual lash filaments extending outward from the
22  support strip, allowing the eyelash extension to adhere to the user's natural lashes in a
23  position spaced apart from the eyelid. The imPRESS Falsies have enjoyed substantial
24  recognition in the industry as a pioneering advancement in do-it-yourself ("DIY")
25  artificial eyelash technology, and have achieved significant commercial success in the
26  DIY lash market.

27      27.    The '288 Patent" was duly and legally issued on December 24, 2024. A
28  true and correct copy of the '288 Patent is appended hereto as Exhibit A.

28.    The '288 Patent issued in the name of KISS and KISS is the owner of all rights, title, and interest in and to the '288 Patent. The '288 Patent is valid and in full force and effect.

29.    The '288 Patent describes and claims novel artificial eyelash extension systems developed by KISS and practiced by the imPRESS Falsies.

<u>**DEFENDANT'S INFRINGING ACTIVITIES AND PRODUCTS**</u>

30.    On information and belief, Defendant has and continues to infringe the '288 Patent by making, importing, using, selling, and offering for sale the Accused Products in the United States that embody or use the inventions claimed in the '288 Patent.

31.    Exhibit B evidences that KISS obtained examples of Accused Products for inspection and analysis.

32.    The accused "Ardell Professional Press On Pre-Glued Underlash Extensions" include "pre-glued" clusters that come in at least four different styles—Naked, Fauxmink, Wispies, and Active—and at least three different volumes—Volume, Soft Volume, and Natural.

33.    Examples of the different styles and volumes of the "Ardell Professional Press On Pre-Glued Underlash Extensions" are depicted below.

  

PRESS ON NAKED SOFT VOLUME 60 CT
★★★★★ 0.0 (0)

PRESS ON NAKED NATURAL 60 CT
★★★★★ 0.0 (0)

PRESS ON FAUXMINK NATURAL 60 CT
★★★★★ 0.0 (0)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**PRESS ON WISPIES NATURAL 60 CT**
★★★★★ 0.0 (0)



**PRESS ON WISPIES VOLUME 30 CT +
APPLICATOR**
★★★★★ 0.0 (0)



**PRESS ON FAUXMINK VOLUME 30 CT
+ APPLICATOR**
★★★★★ 0.0 (0)



**PRESS ON FAUXMINK NATURAL 30 CT
+ APPLICATOR**
★★★★★ 0.0 (0)



**PRESS ON WISPIES NATURAL 30 CT +
APPLICATOR**
★★★★★ 0.0 (0)



**PRESS ON NAKED SOFT VOLUME 12 CT**
★★★★★ 0.0 (0)



**PRESS ON NAKED NATURAL 12 CT**
★★★★★ 0.0 (0)



**PRESS ON FAUXMINK VOLUME 12 CT**
★★★★★ 0.0 (0)

**PRESS ON FAUXMINK NATURAL 12 CT**
★★★★★ 0.0 (0)

-11-




PRESS ON WISPIES VOLUME 12 CT
★★★★★ 0.0 (0)

PRESS ON WISPIES NATURAL 12 CT
★★★★★ 0.0 (0)

ACTIVE PUMP'N PRESS ON PRE-GLUED UNDERLASH EXTENSION CLUSTERS, 30-COUNT
★★★★★ 0.0 (0)







ACTIVE GAINZ PRESS ON PRE-GLUED UNDERLASH EXTENSION CLUSTERS, 30-COUNT
★★★★★ 0.0 (0)

NAKED PRESS ON SOFT VOLUME PRE-GLUED UNDERLASH EXTENSIONS, 30 LASH CLUSTERS + APPLICATOR
★★★★★ 4.4 (365)

NAKED PRESS ON NATURAL PRE-GLUED UNDERLASH EXTENSIONS, 30 LASH CLUSTERS + APPLICATOR
★★★★★ 4.4 (359)




*https://www.ardellshop.com/all-lashes/specialty/press-on.html?product_list_order=new*.

34.    The clusters of the accused "Ardell Professional Press On Pre-Glued Underlash Extensions" also come in at least three lengths—8 mm, 10 mm, and 12 mm—and in specially designed left and right—L and R, respectively—"inner" lash configurations.

35.    An image of the different lengths and different left and right designs of the Naked Natural "Ardell Professional Press On Pre-Glued Underlash Extensions" is provided below, with red underlining added.

-12-



36. The accused "Winks by Ardell Press On Lash" include "pre-glued" clusters that come in at least two different styles—Galore and Slay—and at least two different volumes—Volume and Natural.

37. Examples of the different styles and volumes of the "Winks by Ardell Press On Lash" are depicted below.





WINKS GALORE NATURAL PRESS ON PRE-GLUED UNDERLASH EXTENSIONS KIT
★★★★★ 4.5 (797)

WINKS SLAY VOLUME PRESS ON PRE-GLUED UNDERLASH EXTENSIONS KIT
★★★★★ 4.3 (765)

*https://www.ardellshop.com/all-lashes/specialty/press-on.html?product_list_order=new*.

38.    The clusters of the accused "Winks by Ardell Press On Lash" also come in three lengths—10 mm, 12 mm, and 14 mm.

39.    An image of the different lengths of the "Winks by Ardell Press On Lash" is provided below, with red underlining added.



-14-

40.    On information and belief, the Naked Natural "Ardell Professional Press On Pre-Glued Underlash Extensions" is representative of the Accused Products with respect to KISS's allegations of infringement of the '288 Patent.

41.    Regardless of style, length, configuration, or branding, each of the "pre-glued" clusters of the Accused Products include a plurality of eyelash filaments, each having a base and a tip.

42.    Each of the "pre-glued" clusters of the Accused Products has a support strip attached to the bases of the plurality of eyelash filaments.

43.    Applied to each of the "pre-glued" clusters of the Accused Products is an adhesive adapted to adhere the "pre-glued" clusters to the natural eyelashes of a user.

44.    In each of the "pre-glued" clusters of the Accused Products, adhesive is applied not only to the support strip at the bases of the plurality of eyelash filaments, but also to portions of the plurality of the eyelash filaments in a direction extending away from the support strip, along a length of the eyelash filaments.

45.    Images of adhesive on examples of the Accused Products are provided below.



**Ardell Professional Press On Pre-Glued Underlash Extensions**          **Winks by Ardell Press On Lash**

46.    The Accused Products infringe at least Claim 1 of the '288 Patent.

COMPLAINT — No. 2:25-cv-02793

47.    A exemplary claim chart showing infringement of at least Claim 1 of the '288 Patent by the Accused Products is attached hereto as Exhibit B.

48.    On information and belief, Defendant has had knowledge of the '288 Patent as of at least March 20, 2025, when KISS informed defendant of the '288 Patent and Defendant's infringement of the '288 Patent via letter of the same date.

49.    KISS has been damaged by Defendant's infringing conduct and continues to be damaged by Defendant's ongoing acts of infringement.

50.    Defendant is a direct competitor of KISS's in the DIY lash market.

51.    Defendant's Accused Products compete head-to-head with KISS's imPRESS Falsies products.

52.    Defendant's sales of Accused Products directly displace sales of KISS's imPRESS Falsies products that would have been made by KISS but for Defendant's sales.

53.    Defendant's infringing activities have caused and continue to cause KISS to suffer monetary damages in the form of lost profits and lost market share.

## COUNT ONE (PATENT INFRINGEMENT)

54.    KISS repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55.    On information and belief, Defendant has been and is infringing at least Claim 1 of the '288 Patent, literally or under the doctrine of equivalents, by making, using, selling, or offering for sale in the United States, and/or importing into the United States, including within this judicial district, the Accused Products, in violation of 35 U.S.C. § 271.  This infringement is shown, for example, with respect to Claim 1, in Exhibit B.

56.    On information and belief, Defendant has indirectly infringed and continues to indirectly infringe at least Claim 1 of the '288 Patent, by inducing and contributing to the infringement of others in the United States.  For example, Defendant makes, imports, offers to sell, and sells within the United States Accused

Products that, when used by customers as instructed by Defendant and according to their intended purpose, infringe at least Claim 1 of the '288 Patent.

57.    On information and belief, Defendant provides detailed instructions, demonstrations, and support materials to its customers directing them how to apply and use the Accused Products in a manner that Defendant knows infringes one or more claims of the '288 Patent.  Examples of such detailed instructions, demonstrations, and support materials are included on the packaging for the Accused Products, as depicted below.



**Ardell Professional Press On Pre-Glued Underlash Extensions**



**Winks by Ardell Press On Lash**

And included within the packaging for the Accused Products are written "How to Apply" instructions that explain, step-by-step, how to use the Accused Products, as depicted below:

-17-



How to Apply. 1. Start with clean lashes. 2.Use applicator to gently pull cluster off tray, avoiding the adhesive lash band. 3. Place lash cluster under your natural lashes away from waterline. Start from the outer corner working your way inward. 4. Use applicator to seal clusters with natural lashes. **TO REMOVE:** Use your fingers to gently lift off cluster starting with the band.

## **Ardell Professional Press On Pre-Glued Underlash Extensions**

How to Apply. 1. Start with clean lashes. 2.Use applicator to gently pull cluster off tray, avoiding the adhesive lash band. 3. Place lash cluster under your natural lashes away from waterline. Start from the outer corner working your way inward. 4. Use applicator to seal clusters with natural lashes. **TO REMOVE:** Use your fingers to gently lift off cluster starting with the band.

## **Winks by Ardell Press On Lash**

58.     On information and belief, Defendant sells and offers to sell one or more components of the Accused Products, constituting a material part of the invention, knowing the same to be especially made and adapted for use in an infringement of one or more claims of the '288 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Defendant's knowledge of these exemplary acts of induced and contributory infringement is further discussed below with respect to the willfulness with which Defendant has infringed the '288 Patent.

59.     Defendant's infringement has been, and continues to be knowing, intentional, and willful. On information and belief, Defendant knew or should have known of KISS's patent rights when it began selling the Accused Products, as KISS's imPRESS Falsies products have been marked as "patent pending" since they were first offered for sale in the United States in December 2022. As a result of this marking, Defendant has known or should have known of its infringement of the '288 Patent since at least as of October 30, 2024, when the U.S. Patent and Trademark Office issued its Notice of Allowance. Indeed, it would have been prudent for Defendant to

-18-

COMPLAINT — No. 2:25-cv-02793

1  look up and monitor KISS's patent filings—particularly as they relate to KISS's

2  imPRESS Falsies product—based on the "patent pending" marking on KISS's

3  imPRESS Falsies product.  Furthermore, KISS informed Defendant of its

4  infringement of the '288 Patent by letter of March 20, 2025.

5  60.    Defendant knew of the issuance of the '288 Patent prior to March 20,

6  2025.

7  61.    Despite this knowledge, Defendant continues to willfully import, make,

8  use, offer to sell, and sell the Accused Products in disregard of KISS's patent rights.

9  62.    Defendant's acts of infringement of the '288 Patent have caused and will

10  continue to cause KISS damages for which KISS is entitled to compensation pursuant

11  to 35 U.S.C. § 284.

12  63.    Defendant's acts of infringement of the '288 Patent have caused and will

13  continue to cause KISS immediate and irreparable harm unless such infringing

14  activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  KISS has no

15  adequate remedy at law.

16  64.    This case is exceptional, and therefore, KISS is entitled to an award of

17  attorney fees pursuant to 35 U.S.C. § 285.

18  <u>**PRAYER FOR RELIEF**</u>

19  **WHEREFORE**, KISS requests judgment against Defendant as follows:

20  a)    Adjudging that Defendant has infringed the '288 Patent, in violation of

21  35 U.S.C. § 271;

22  b)    Adjudging that Defendant's infringement of the Asserted Patents was

23  willful;

24  c)    Granting  an  injunction  preliminarily  and  permanently  enjoining

25  Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates,

26  subsidiaries, and assigns, and all of those in active concert and participation with any

27  of the foregoing persons or entities from infringing, contributing to the infringement

28  of, or inducing infringement of the '288 Patent;

d)    Ordering Defendant to account and pay damages adequate to compensate KISS for Defendant's infringement of the '288 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

e)    Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

f)    Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

g)    Declaring this case exceptional and awarding KISS its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

h)    Awarding such other and further relief as this Court deems just and proper.

Dated:  March 31, 2025          By:    /s/ Theodore W. Chandler

Theodore W. Chandler (Bar No. 219456)
<ted.chandler@bakerbotts.com>
BAKER BOTTS L.L.P.
1801 Century Park East, Suite 2400
Los Angeles, California  90067
Telephone: (213) 202-5702
Facsimile:  (213) 202-5732

Thomas C. Martin (*pro hac vice* forthcoming)
<tommy.martin@BakerBotts.com>
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, DC  20009
Telephone: (202) 639-7700
Facsimile:  (202) 639-7890

*Attorneys for Plaintiff*
*KISS Nail Products, Inc.*

1    ## <u>JURY TRIAL DEMAND</u>

2    Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

3

4    Dated:  March 31, 2025                    By:     /s/ Theodore W. Chandler

5                                                   Theodore W. Chandler (Bar No. 219456)
                                                     <ted.chandler@bakerbotts.com>
6                                                   BAKER BOTTS L.L.P.
                                                     1801 Century Park East, Suite 2400
7                                                   Los Angeles, California  90067
                                                     Telephone: (213) 202-5702
8                                                   Facsimile:  (213) 202-5732

9                                                   Thomas C. Martin (*pro hac vice* forthcoming)
                                                     <tommy.martin@BakerBotts.com>
10                                                  BAKER BOTTS L.L.P.
                                                     700 K Street, NW
11                                                  Washington, DC  20009
                                                     Telephone: (202) 639-7700
12                                                  Facsimile:  (202) 639-7890

13
                                                     *Attorneys for Plaintiff*
14                                                  *KISS Nail Products, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28